Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-290-7778 fax

Attorneys for Plaintiff
John Ernst

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Ernst<br><br>        Plaintiff,<br><br>v.<br><br>Midland Funding LLC<br><br>        Defendant. | CASE NO. '22CV0896 JAH JLB<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Telephone Consumer Protection Act<br>2. Violation of the Fair Debt Collection Practices Act<br>3. Invasion of Privacy |

COMES NOW John Ernst (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

**<u>INTRODUCTION</u>**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers, the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and intrusion upon seclusion.

2. Plaintiff brings this action against Defendant Midland Funding LLC d/b/a/ Midland Credit Management (hereinafter "Defendant" or "Midland") for its abusive and outrageous conduct in connection with debt collection activity.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

5. The FDCPA was designed to prevent the abusive and deceptive collection practices by debt collectors.  The purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors.  15 U.S.C. § 1692.

6. The FDCPA regulates the behavior of "debt collects" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt.  Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy."  15 U.S.C. § 1692(a).

7. The FCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantages, and to promote uniform State action to protect consumers against debt collection abuses." 15. U.S.C. § 1692(e).

8. The FDCPA, under 15 U.S.C. § 1692g(a) requires disclosure of certain information either in a debt collector's initial communication or within five days after the initial communication.

## JURISDICTION & VENUE

9. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 47 U.S.C. § 227, and 15 U.S.C. § 1692k(d).

10. This venue is proper pursuant to 28 U.S.C. §1391(b).

11. Defendant Midland Funding LLC is a debt collector that collects on consumer debts throughout the United States, including the State of California. Its headquarters is located in San Diego, California.

## GENERAL ALLEGATIONS

12. John Ernst is an individual and "consumer" as defined by 15 U.S.C. § 1692a(3).

13. At all relevant times herein, Midland was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and "debt" as defined by 15 U.S.C. § 1692a(5).

14. At all relevant times, Defendant acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15. Plaintiff believes that Midland was collecting on an account that did not originate with Midland but with another consumer credit account Plaintiff had previously incurred.

16. Plaintiff is unaware at this time as to the identify of the original creditor, as Midland did not disclose the name of the original creditor.

17. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" and as defined by 15 U.S.C. § 1692a(5).

18. Plaintiff believes the account was an unsecured consumer loan that Plaintiff incurred prior to the account being sold or transferred to Midland for collection.

19. Defendant, at some point, assumed control of the debt and began contacting Plaintiff in May of 2021 to inquire about the status of the loan and to collect on the payments that were no longer being made.

20. Plaintiff believes that Midland is the collection agency for an account that he previously held with another creditor.

21. Midland did not disclose who it was collecting on behalf of and simply indicated that Plaintiff owed Midland money.

22. Plaintiff retained counsel to assist in dealing with the Midland debt and collection efforts as well as to seek some type of financial relief.

23. Counsel for Plaintiff contacted Midland in June of 2021 to inform Midland that Plaintiff was represented by an attorney.  Plaintiff's counsel was informed that a letter of representation needed to be faxed to Midland and provided the following number:  1-877-201-8692.

24. Counsel for Plaintiff faxed Midland a letter confirming representation of Plaintiff and that Defendant was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

25. Counsel for Plaintiff faxed the letter of representation to the fax number specifically provided by Midland on June 21, 2021 and received confirmation that the fax was successfully received by Midland at approximately 11:34am on June 29, 2021.

26. The June 21, 2021 letter of representation also informed Midland that Plaintiff was revoking her consent to be contacted on her cellular telephone by an ATDS, to the extent that any prior consent had ever been given.

27. Defendant continued to contact Plaintiff between approximately June 22, 2021 though November 16, 2021; the type of contact was through constant phone calls to Plaintiff.

28. Defendant would call Plaintiff and demand payment on the delinquent account.

29. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

30. Defendant's automatic dialing machine contains the capacity to randomly dial numbers.

31. Defendant would leave pre-recorded messages on Plaintiff's cellular telephone.

32. Most of the messages left by Defendant when Plaintiff did not answer the collection calls were pre-recorded.

33. Plaintiff was contacted often regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

34. Defendant did not disclose to Plaintiff the original creditor or provide any information to Plaintiff regarding the account's origin.

35. Defendant's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney.

## FIRST CAUSE OF ACTION
(Violation of the FDCPA)
(15 USC § 1692c(a)(2))
(Against Midland)

36. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

37. Defendant was informed on June 21, 2021 that Plaintiff was represented by an attorney with respect to Plaintiff's creditors.

38. Defendant continued to contact Plaintiff after it was informed Plaintiff was represented by an attorney.

39. Plaintiff's attorney did not consent to Defendant continuing to contact Plaintiff.

40. Defendant contacted Plaintiff in connection with collecting on the debt despite knowing that Plaintiff was represented by Counsel and that counsel instructed Defendant specifically not to contact Plaintiff.

41. Defendant's conduct was in violation of 11 U.S.C. § 1692c(a)(2).

## SECOND CAUSE OF ACTION
(Violation of the FDCPA)
(15 USC § 1692e(11))
(Against Midland)

42. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

43. Midland failed to identify the originating creditor it was collecting on behalf of and did not inform Plaintiff of the identity of the original creditor.

44. Defendant's conduct was in violation of 11 U.S.C. § 1692e(11).

## THIRD CAUSE OF ACTION
(Violation of the FDCPA)
(15 USC § 1692g(a))
(Against Midland)

45. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

46. Midland refused to provide Plaintiff with any information regarding the nature of the debt.

47. Midland did not identify the original creditor in the notices/calls that were received by Plaintiff.

48. Midland did not inform Plaintiff of the amount of the debt.

49. Defendant's conduct was in violation of 11 U.S.C. § 1692g(a).

## FOURTH CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against Midland)

50. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

51. Defendant was informed on June 21, 2021 that Plaintiff was revoking consent to be contacted by Defendant by an auto-dialer.

52. Defendant frequently called Plaintiff after Plaintiff withdrew he consent to be contacted by an automatic dialing machine.

53. Defendant would contact Plaintiff daily regarding payment on the account at issue.

54. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

55. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

56. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

57. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in June of 2021.

58. Defendant was contacted on at least thirty-eight (38) separate occasions on her cellular telephone by Defendant.

59. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

## FIFTH CAUSE OF ACTION
(Intrusion Upon Seclusion)
(Against Defendant Midland)

60. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

61. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

62. Midland intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

63. Midland intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

64. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns and affairs.

65. These intrusions and invasions against Plaintiff by Midland occurred in a way that would be highly offensive to a reasonable person in that position.

66. Midland received notice stating that it was no longer to contact Plaintiff as he was represented by counsel and revoked his consent to be contacted on his cellular telephone.

67. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Midland.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

  a. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.
  b. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
  c. An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A).
  d. An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(3)

  **e.** An award of actual damages as proven at trial

          **Gale, Angelo, Johnson, & Pruett, P.C.**

Dated: June 21, 2022    By: */s/ Joe Angelo*
            Joe Angelo
            Attorney for Plaintiff